**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:

LIZA HAZAN, Case No.: 26-20613-RAM
Chapter 11

Debtor.
_____________________________________/

**NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM* OF SIMON & SIGALOS, LLP AND INTENT TO SERVE SUBPOENA**
***(Production of Documents Only)***

Valencia Estates Homeowners' Association, Inc. ("**Creditor**"), by and through his undersigned counsel, pursuant to Fed.R.Civ.P. 34 and 45, Fed.R.Bankr.P. 2004, 7030, 7034 and 9016, and Local Rule 2004-1, will examine the following examinee (the "Examinee"):

| **Examinee** | **Date and Time** | **Location** |
|---|---|---|
| **Records Custodian of SIMON & SIGALOS, LLP** | October 2, 2026 at 10:00 a.m. (Eastern) | Barry S. Turner P.A.<br>2 South Biscayne Blvd.<br>Suite 1600<br>Miami, FL 33131 |

The examination is pursuant to Fed.R.Bankr.P. 2004 and Local Rule 2004-1. The scope of the examination shall be as described in Fed.R.Bankr.P. 2004. Pursuant to Local Rule 2004-1, no order shall be necessary, and to the extent that a request for production of documents under this rule may be construed as a request under Bankruptcy Rule 7034, the time to respond is shortened to fourteen (14) days.

**IN LIEU OF APPEARANCE AT THIS TIME**: The Examinee is further requested to electronically produce all of the documents described on **Schedule "A"** below and on the Subpoena on the Subpoena for Rule 2004 Examination attached hereto **Exhibit 1** to the offices of **Barry S. Turner P.A., 2 South Biscayne Blvd., Suite 1600, Miami, FL 33131**, or by e-mail to **bt@bstpa.com** by October 2, 2026.

Creditor reserves the right to conduct an oral examination of the Examinee.

Submitted this 3rd day of September, 2026.

**BARRY S. TURNER, P.A.**
*Counsel for Valencia Estates Homeowners' Association, Inc.*
PO Box 330189
Miami, Florida 33233
Tel: 305.699.4392
Email: bt@bstpa.com

By: */s/ Barry S. Turner*
Barry S. Turner, Esq.
Florida Bar No. 85535

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 3rd day of September, 2026, upon all registered users in this case and as indicated below.

Elizabeth Hazan
6913 Valencia Dr.
Miami, FL 33109
Email: lizahazan77@gmail.com
Email: elizabethhazan07@gmail.com
***Via US Mail, FedEx and Email***

SIMON & SIGALOS, LLP
c/o Michael W. Simon, its RA
3839 NW Boca Raton Blvd. Suite 100
Boca Raton, FL 33431
msimon@simonlawteam.com
MWSAssistant@Simonlawteam.com
***Via US Mail, FedEx, and Email***

By: */s/ Barry S. Turner*
Barry S. Turner, Esq.

## SCHEDULE "A"

### Definitions

As used in this request, the following words shall be defined as follows:

1) "Document", "documents", or "documentation" means the original or a copy of any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form, and including, but not limited to: accounting books or records; accounts; account statements; affidavits; agendas; agreements; analyses; applications; appointment books; appraisals; audio tapes; balance sheets; bordereaux; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; electronically stored information; e-mail communications; evaluations; Excel spreadsheets; experiments; faxes; facsimiles; films; financial statements; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations; notebooks; notes; objects; opinions; papers; photographs; policies; PowerPoint presentations; procedures; profit and loss statements; prospectuses; receipts; recordings; releases; reports; schedules; signature cards; sound recordings; spreadsheets; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these requests. Any document identified will include any document, in draft or final form, either sent or received by You. This term also includes any documents now or ever in Your possession, custody or control, or available to You, Your attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

2) "Documents" shall also mean all electronic data storage documents or electronically stored information (ESI) including, but not limited to, e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software, and inactive or unused computer disc storage areas.

3) “Communication” or “Communications” includes every manner of transmitting or receiving facts, information, opinions or thoughts (including, but not limited to: visually; orally; in writing; by digital, analog, electronic, magnetic, telephonic, or other mechanical means; or otherwise), including, without limitation, oral conversations, telephone calls, written correspondence, memoranda or notes, meetings, document transmittals, facsimiles, emails or any other method by which information is transmitted.

4) “Relating to,” “related” or “relating” means, directly or indirectly, to refer to, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually connected with the matter discussed.

5) The connectives “and” and “or” shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery all responses that might otherwise be construed to be outside of its scope.

6) The words “any,” “all” and “each” shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

7) The use of the singular form of any word includes the plural and vice versa.

8) The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

9) “And” or “Or” shall include the conjunctive as well as the disjunctive.

10) “You”, “Your” and “Examinee” refers to SIMON & SIGALOS, LLP and its officers, directors, agents, affiliates, subsidiaries, divisions, partners, parents, predecessors, successors, joint venturers, employees, representatives and any and all other persons acting for, purporting to act for, or subject to the control of Examinee or its subsidiaries, parents, predecessors or successors.

11) “MWSPA” shall refer to MICHAEL W. SIMON, P.A. D/B/A THE SIMON LAW FIRM and its officers, directors, agents, affiliates, subsidiaries, divisions, partners, parents, predecessors, successors, joint venturers, employees, representatives and any and all other persons acting for, purporting to act for, or subject to the control of MWSPA or its subsidiaries, parents, predecessors or successors.

12) “Debtor” refers to LIZA HAZAN A/K/A ELIZABETH HAZAN.

13) “Valencia LLC” refers to 6913 VALENCIA, LLC and its officers, directors, agents, affiliates, subsidiaries, divisions, partners, parents, predecessors, successors, joint venturers, employees, representatives and any and all other persons acting for, purporting to act for, or subject to the control of Examinee or its subsidiaries, parents, predecessors or successors.

14) "Association" shall refer to VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. and its present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Association.

15) "Property" or "Subject Property" shall mean and refer to the following described real property located in Miami- Dade County, Florida:

> Lot 7, Block 2, of LINDEISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, page 64, Public Records of Miami-Dade County, Florida.
>
> a/k/a 6913 Valencia Drive, Fisher Island, FL 33109

16) "JPMC" shall mean and refer to JP Morgan Chase Bank, N.A. and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of JPMC.

17) "Plan" shall refer to the Fourth Amended Plan of Reorganization (DEBKC#563) filed by You in United States Bankruptcy Court, Southern District of Florida Case No. 16-10389-AJC.

18) "Confirmation Order" shall refer to the Order Confirming Plan of Reorganization (DEBKC#691) entered by the United States Bankruptcy Court, Southern District of Florida in Case No. 16-10389-AJC.

19) "Valencia Mortgage" shall refer to the Mortgage dated March 14, 2012 and recorded as CFN 2012R0186202 at OR Book 28034, Page 4869, et. seq. of the Official Records of Miami-Dade County, Florida.

## Instructions

1. List all documents withheld under any claim of privilege, or other protection from discovery in response to these requests.

2. Identify each withheld document by setting forth:

(a) the type of document (e.g., letter, memorandum, telegram, chart, photograph, reproduction, etc.);
(b) the date of the document;
(c) the names of the author and each addressee;
(d) the name, address and title of the custodian of each document not produced;
(e) the identity of the person(s) asserting the privilege/protection claimed;
(f) the identity of the person(s) having knowledge of the information sought;
(g) the subject matter of the document; and
(h) the basis upon which the privilege/protection is claimed.

3. These document requests are continuing and further supplemental responses and production shall be made and served upon counsel for VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. if and when additional documents or communications relevant to these document requests come into Your possession, custody, or control.

4. Unless otherwise stated, these document requests call for the production of documents created, dated, sent or received on or after January 1, 2012, through and including the present.

**Schedule of Documents to be Produced**

1. A copy of any engagement letter, contract, agreement, or the like between You and the Debtor.

2. A copy of any engagement letter, contract, agreement, or the like between You and Valencia LLC.

3. A copy of any engagement letter, contract, agreement, or the like between MWSPA and the Debtor.

4. A copy of any engagement letter, contract, agreement, or the like between MWSPA and Valencia LLC.

5. All Documents and Communications relating to, regarding, or evidencing any funds, loan proceeds, or other consideration transferred, disbursed, or paid by Valencia LLC to You in exchange for, or in connection with, the Valenica Mortgage or any other mortgage, note, deed of trust, or other loan secured by the Property. This includes, but is not limited to, the promissory note, any loan or credit agreement, the closing or settlement statement, loan disbursement instructions, wire transfer confirmations, cancelled checks (front and back), ACH records, and any other Documents evidencing the amount, date, and method by which such funds were transferred.

6. All Documents and Communications relating to, regarding, or evidencing the owner(s), member(s), or holder(s) of Valencia LLC. The timeframe for this request is January 1, 2012 through Your response.

7. All Documents and Communications relating to, regarding, or evidencing Debtor's membership interest, ownership interest, or other equity interest in Valencia LLC.

8. All Documents and Communications relating to, regarding, or evidencing Sean Meehan's membership interest, ownership interest, or other equity interest in Valencia LLC.

9. All Documents and Communications relating to, regarding, or evidencing any person, entity, trust, or other organization membership interest, ownership interest, or other equity interest in Valencia LLC.

10. All Documents evidencing payments and transfers made by the Debtor to Valencia LLC pursuant to the Valencia Mortgage.

* * *

**Valencia Estates Homeowners' Association, Inc. reserves the right to request additional documents as the investigation continues, as the Examination proceeds, as additional issues are uncovered, and as clarifications are required.**

# Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re: Case No.: 26-20613-RAM
Chapter 11

LIZA HAZAN

Debtor.
_________________________________/

**SUBPOENA FOR RULE 2004 EXAMINATION**

To: **Records Custodian of SIMON & SIGALOS, LLP, 3839 NW BOCA RATON BLVD., SUITE 100, BOCA RATON, FL 33431**

[ ] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| Place | Date and Time |
|---|---|
| | |

The examination will be recorded by this method: ____________________________________

[x] *Production*: **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| Place: | Date and Time |
|---|---|
| **Barry S. Turner P.A., 2 South Biscayne Blvd, Suite 1600, Miami, FL 33131; bt@bstpa.com** | **October 2, 2026 at 10:00 AM (EST)** |

***All Documents on Schedule "A" Attached***

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated: September 3, 2026

CLERK OF COURT or

____________________ *Barry S. Turner*
Signature of Clerk or Deputy Clerk Attorney's Signature

The name, address, email address, and telephone number of the attorney representing **Valencia Estates Homeowners' Association, Inc.** who issues or requests this subpoena, are: **Barry S. Turner P.A., Barry S. Turner, 2 South Biscayne Blvd, Suite 1600, Miami, FL 33233; Email: bt@bstpa.com; Telephone: 305.699.4392**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________
________________________________________________________________________________________________
____________________________________ on *(date)* ____________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________________________________
________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ________________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: ________________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE "A" Definitions**

As used in this request, the following words shall be defined as follows:

1) "Document", "documents", or "documentation" means the original or a copy of any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form, and including, but not limited to: accounting books or records; accounts; account statements; affidavits; agendas; agreements; analyses; applications; appointment books; appraisals; audio tapes; balance sheets; bordereaux; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; electronically stored information; e-mail communications; evaluations; Excel spreadsheets; experiments; faxes; facsimiles; films; financial statements; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations; notebooks; notes; objects; opinions; papers; photographs; policies; PowerPoint presentations; procedures; profit and loss statements; prospectuses; receipts; recordings; releases; reports; schedules; signature cards; sound recordings; spreadsheets; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these requests. Any document identified will include any document, in draft or final form, either sent or received by You. This term also includes any documents now or ever in Your possession, custody or control, or available to You, Your attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

2) "Documents" shall also mean all electronic data storage documents or electronically stored information (ESI) including, but not limited to, e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software, and inactive or unused computer disc storage areas.

3) "Communication" or "Communications" includes every manner of transmitting or receiving facts, information, opinions or thoughts (including, but not limited to: visually; orally; in writing; by digital, analog, electronic, magnetic, telephonic, or other mechanical means; or otherwise), including, without limitation, oral conversations, telephone calls, written correspondence, memoranda or notes, meetings, document transmittals, facsimiles, emails or any other method by which information is transmitted.

4) "Relating to," "related" or "relating" means, directly or indirectly, to refer to, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually connected with the matter discussed.

5) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery all responses that might otherwise be construed to be outside of its scope.

6) The words "any," "all" and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

7) The use of the singular form of any word includes the plural and vice versa.

8) The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

9) "And" or "Or" shall include the conjunctive as well as the disjunctive.

10) "You", "Your" and "Examinee" refers to SIMON & SIGALOS, LLP and its officers, directors, agents, affiliates, subsidiaries, divisions, partners, parents, predecessors, successors, joint venturers, employees, representatives and any and all other persons acting for, purporting to act for, or subject to the control of Examinee or its subsidiaries, parents, predecessors or successors.

11) "MWSPA" shall refer to MICHAEL W. SIMON, P.A. D/B/A THE SIMON LAW FIRM and its officers, directors, agents, affiliates, subsidiaries, divisions, partners, parents, predecessors, successors, joint venturers, employees, representatives and any and all other persons acting for, purporting to act for, or subject to the control of MWSPA or its subsidiaries, parents, predecessors or successors.

12) "Debtor" refers to LIZA HAZAN A/K/A ELIZABETH HAZAN.

13) "Valencia LLC" refers to 6913 VALENCIA, LLC and its officers, directors, agents, affiliates, subsidiaries, divisions, partners, parents, predecessors, successors, joint venturers, employees, representatives and any and all other persons acting for, purporting to act for, or subject to the control of Examinee or its subsidiaries, parents, predecessors or successors.

14) "Association" shall refer to VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. and its present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Association.

15) "Property" or "Subject Property" shall mean and refer to the following described real property located in Miami- Dade County, Florida:

> Lot 7, Block 2, of LINDEISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, page 64, Public Records of Miami-Dade County, Florida.
>
> a/k/a 6913 Valencia Drive, Fisher Island, FL 33109

16) "JPMC" shall mean and refer to JP Morgan Chase Bank, N.A. and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of JPMC.

17) "Plan" shall refer to the Fourth Amended Plan of Reorganization (DEBKC#563) filed by You in United States Bankruptcy Court, Southern District of Florida Case No. 16-10389-AJC.

18) "Confirmation Order" shall refer to the Order Confirming Plan of Reorganization (DEBKC#691) entered by the United States Bankruptcy Court, Southern District of Florida in Case No. 16-10389-AJC.

19) "Valencia Mortgage" shall refer to the Mortgage dated March 14, 2012 and recorded as CFN 2012R0186202 at OR Book 28034, Page 4869, et. seq. of the Official Records of Miami-Dade County, Florida.

**<u>Instructions</u>**

1. List all documents withheld under any claim of privilege, or other protection from discovery in response to these requests.

2. Identify each withheld document by setting forth:

(a) the type of document (e.g., letter, memorandum, telegram, chart, photograph, reproduction, etc.);
(b) the date of the document;
(c) the names of the author and each addressee;
(d) the name, address and title of the custodian of each document not produced;
(e) the identity of the person(s) asserting the privilege/protection claimed;
(f) the identity of the person(s) having knowledge of the information sought;
(g) the subject matter of the document; and
(h) the basis upon which the privilege/protection is claimed.

3. These document requests are continuing and further supplemental responses and production shall be made and served upon counsel for VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. if and when additional documents or communications relevant to these document requests come into Your possession, custody, or control.

4. Unless otherwise stated, these document requests call for the production of documents created, dated, sent or received on or after January 1, 2012, through and including the present.

**Schedule of Documents to be Produced**

1. A copy of any engagement letter, contract, agreement, or the like between You and the Debtor.

2. A copy of any engagement letter, contract, agreement, or the like between You and Valencia LLC.

3. A copy of any engagement letter, contract, agreement, or the like between MWSPA and the Debtor.

4. A copy of any engagement letter, contract, agreement, or the like between MWSPA and Valencia LLC.

5. All Documents and Communications relating to, regarding, or evidencing any funds, loan proceeds, or other consideration transferred, disbursed, or paid by Valencia LLC to You in exchange for, or in connection with, the Valenica Mortgage or any other mortgage, note, deed of trust, or other loan secured by the Property. This includes, but is not limited to, the promissory note, any loan or credit agreement, the closing or settlement statement, loan disbursement instructions, wire transfer confirmations, cancelled checks (front and back), ACH records, and any other Documents evidencing the amount, date, and method by which such funds were transferred.

6. All Documents and Communications relating to, regarding, or evidencing the owner(s), member(s), or holder(s) of Valencia LLC. The timeframe for this request is January 1, 2012 through Your response.

7. All Documents and Communications relating to, regarding, or evidencing Debtor's membership interest, ownership interest, or other equity interest in Valencia LLC.

8. All Documents and Communications relating to, regarding, or evidencing Sean Meehan's membership interest, ownership interest, or other equity interest in Valencia LLC.

9. All Documents and Communications relating to, regarding, or evidencing any person, entity, trust, or other organization membership interest, ownership interest, or other equity interest in Valencia LLC.

10. All Documents evidencing payments and transfers made by the Debtor to Valencia LLC pursuant to the Valencia Mortgage.

* * *

**Valencia Estates Homeowners' Association, Inc. reserves the right to request additional documents as the investigation continues, as the Examination proceeds, as additional issues are uncovered, and as clarifications are required.**