**United States Bankruptcy Court**
**Southern District of Florida**

26-20613-RAM
Ch 11

RE:
Liza Hazan
Debtor
_____________________________/

Expedited Motion to Dismiss Case
And For Reduction of Time

Debtor moves to voluntarily dismiss this chapter 11 case, and for reduction of time, and respectfully represents the following to the court:

Movant wishes to voluntarily dismiss this case and requests the objection period be shortened, the dismissal expedited, and that dismissal be effectuated as soon as possible.

Dismissal would be in the best interest of creditors under rule 1112(b) because creditors will be restored to their state law remedies.

Rule 1112(b) says after notice and a hearing. But 11 U.S. Code § 102(1) says:

> In this title—**(1)** "after notice and a hearing", or a similar phrase—**(A)**means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but **(B)**authorizes an act without an actual hearing if such notice is given properly and if—**(i)** such a hearing is not requested timely by a party in interest; or **(ii)** there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

Rule 2002 (a)(4) requires 21 days notice to creditors, but Rule 9006(c) says reduction of notice is not prohibited for that rule, and when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

There are only two or three creditors noticed or appearing in this case. Debtor filed this case pro se, without prior advice of counsel, and wishes to dismiss the case under the circumstances after consultation. Debtor has shown good cause to shorten the period. No one is prejudiced.

Movant requests no prejudice period, because and individual refiling within a year would require a hearing to continue the stay in the new case, at which circumstances for refiling could be scrutinized: because if an individual files a second Chapter 11 case within one year after a prior case was dismissed, the automatic stay applies initially but terminates 30 days after the later petition date as to the debtor, debts, property securing debts, and leases.11 U.S.C. § 362(c)(3)(A).

Movant has conferred with US Trustee who wants additional conditions and prejudice period to dismissal, about which Movant will continue to confer.

Wherefore Debtor respectfully requests this case be dismissed forthwith without prejudice.

Respectfully Submitted 9/4/26

**I hereby certify** that a true and correct copy of the foregoing was served upon registered CM/ECF participant who has consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party and will be mailed to all

Joel M. Aresty, Esq.

JOEL M. ARESTY, P.A.

Board Certified Business Bankruptcy Law
Counsel for Debtor
309 1ST Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax: 1-800-559-1870
E-mail:Aresty@Mac.com
By: /s/: Joel M. Aresty
Fla. Bar No. 197483