**ORDERED in the Southern District of Florida on October 18, 2026.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re: Case No. 26-20613-RAM

LIZA HAZAN, Chapter 11

Debtor.
_________________________________/

**ORDER DISMISSING CASE WITH PREJUDICE**

On October 15, 2026, the court held a hearing on the Expedited Motion to Dismiss Case and for Reduction of Time [DE# 27] (the “Debtor’s Motion to Dismiss”) field by Liza Hazan (“Hazan” or the “Debtor”). The Debtor seeks to voluntarily dismiss this chapter 11 case without prejudice. Several creditors and the Assistant U.S. Trustee urge the Court to impose at least a two-year bar on the Debtor filing another case. Courts generally impose longer prejudice periods in the case of a serial bankruptcy filer, and this is only the Debtor’s second filing. Nevertheless, the circumstances surrounding the second filing

and the Debtor's litigious conduct impeding her creditors in the years between the two chapter 11 cases provides compelling cause to impose a two-year prejudice period in this case.

## Factual and Procedural Background

The Debtor filed her prior chapter 11 case on January 11, 2016, Case No. 16-10389 (the "Debtor's First Case"). On June 11, 2018, the Court confirmed the Debtor's Fourth Amended Plan of Reorganization [Case No. 16-10389, DE# 691]. The Debtor made some payments under the confirmed plan but ultimately did not pay any of her secured creditors or judgment creditors in full. In an effort to cure the default of the confirmed plan, the Debtor represented to the court on many occasions that her Fisher Island home would be sold or re-financed.[1] After the Debtor failed to cure the default, one of her creditors, Valencia Estates Homeowners Association, Inc. ("Valencia HOA") filed a state court action to pursue its state law remedies, including (1) foreclosure of lien and (2) breach of declaration.[2] JP Morgan Chase Bank, the holder of the first mortgage on the home, also has a pending foreclosure action. And, as discussed more fully below, the Debtor has not paid and is defending execution of a $275,000 judgment in favor of JMB/Urban 900 Development Partners, Ltd. ("JMB").

---

[1] For example, at a May 2022 hearing regarding Valencia HOA's Notice of Default, the Debtor's counsel stated "[e]verybody gets paid when the house gets refinanced or sold." Partial Transcript of 5/3/2022 Hearing 10: 1-2 [Case No. 16-10389, DE# 1164]. Again, at a June 2022 hearing regarding a creditor's motion to dismiss, the Court asked the Debtor: "I made it quite clear . . . the court wants this case to be wound up within the next 90 days . . . will [the sale price] pay all the debts and obligations outstanding in this case?" Debtor's counsel responded: "Oh, yes, Judge. At one-third of the listing price it would pay the expenses." Transcript of 6/30/2022 Hearing 9:21-25; 10:1-2 [Case No. 16-10389, DE# 1216]. The Court continued: "as I stated at the last hearing, we're not going beyond another 90 days, and so either sell it, refinance it, or the case will probably be dismissed." *Id.* 10:8-10.

[2] Limited Objection to Expedited Motion to Dismiss Case [DE# 33] ¶ 10.

This order does not attempt to calculate the amounts the Debtor paid under her confirmed plan in the Debtor's First Case or the amounts still owed to creditors treated in the plan. Suffice it to say, the Debtor defaulted under her plan, has not sold or refinanced her home and has been involved in significant litigation with several creditors. This Order will highlight the vexatious tactics employed by the Debtor in defending the Valencia HOA case in the past three years.

The Debtor filed her chapter 11 petition commencing this case on August 11, 2016. She filed the case *pro se*, did not include some major creditors, including Valencia HOA, in her list of creditors and, utilizing a procedure intended for debtors with limited means, filed an application to pay her filing fee in installments. Joel Aresty, Esq., counsel who has represented Ms. Hazan in the past, has since appeared for the Debtor and argued that the Debtor filed this case by mistake, a hard-to-believe proffer considering the Debtor's demonstrated ability to litigate and the timing of the filing.

Rather than filing schedules, the Debtor filed the Debtor's Motion to Dismiss. That same day, creditor David Langley filed his Expedited Motion to Dismiss Chapter 11 Proceeding as a Bad Faith Filing with Prejudice and Sanctions [DE# 28] (the "Creditor's Motion to Dismiss"). Langley argues that this case was filed in bad faith and should be dismissed with prejudice. Two other creditors and the Assistant U.S. Trustee filed responses also arguing for dismissal with a prejudice period: the Response in Opposition to Expedited Motion to Dismiss and Cross Motion to Consolidate Chapter 11 Cases [DE#

50] filed by creditor Christopher Kosachuk ("Kosachuk")[3], the Limited Objection to Expedited Motion to Dismiss Case [DE# 33] filed by Valencia HOA, and the United States Trustee's Response to Debtor's Motion to Dismiss Case [DE# 45] filed by the United States Trustee's Office (the "U.S. Trustee"). Hazan then filed the Debtor's Reply to Responses to Motion to Dismiss [DE# 60]. In sum, all parties who filed motions and responses agree that dismissal is in the best interest of the creditors in this case. The only issue is whether the dismissal of this case should carry with it a prejudice period.

The Court conducted a hearing on the Debtor's Motion to Dismiss and the Creditor's Motion to Dismiss on October 15, 2026. The Court has considered the record, including the motions and responses, and considered the arguments presented at the October 15th hearing by counsel for the Debtor, by Mr. Langley, by Mr. Kosachuk, by counsel for the Valencia HOA and by counsel for the U.S. Trustee. The Court has also considered applicable law, including cases imposing prejudice periods upon dismissal. The Court concludes that dismissal with a two-year prejudice period is the appropriate relief.

<u>Discussion</u>

The Debtor asserts that dismissal is in the best interest of the creditors because "creditors will be restored to their state law remedies."[4] The Court agrees with that statement but only if the creditors are free to pursue their rights without the looming

---

[3] Kosachuk and Hazan have been litigating with each other for years and this order will not describe that long and tortured history. For present purposes, Kosachuk is the assignee of the $275,000 judgment in favor of JMB and against the Debtor entered in Adv. No. 16-1188, an adversary filed in the Debtor's First Case. Recently, on July 28, 2026, after nearly 8 months of motion practice here and in a separate district court case, this Court entered its Order on Plaintiff's Motion for Writ of Execution and Other Pending Matters [Adv. No. 16-1188, DE# 62]. That Order found that the JMB judgment is enforceable. The filing of this second chapter 11 case stayed enforcement of the judgment. *See* [Hazan's] Notice of Bankruptcy [Adv. No. 16-1188, DE# 64].

[4] Debtor's Motion to Dismiss ¶ 3.

possibility (or probability) of another bankruptcy filing. That is a legitimate possibility given the record, which demonstrates that the creditors' efforts to exercise their state law remedies have been constantly thwarted by the Debtor and her ex-husband, Meehan. The best example of the Debtor's vexatious litigation tactics is the Valencia HOA litigation discussed at greater length below.

The pending state-court litigation between Valencia HOA and the Debtor and Meehan began in March 2023. The Valencia claims are for defaults by the Debtor after confirmation of the plan in her First Case. The Debtor and Meehan filed their *first* Notice of Removal in December 2023,[5] which District Judge Gayles remanded back to the state court in March 2024. In December 2024, hours before a summary judgement hearing, Meehan filed the *second* Notice of Removal,[6] which District Judge Altman remanded back to the state court in February 2025. In March 2025, hours before the re-set summary judgement hearing, the Debtor and Meehan filed their *third* Notice of Removal,[7] which Magistrate Judge Elfenbein remanded back to the state court in April 2025. In July 2025, on the same date as the once-again re-set summary judgement hearing, the Debtor and Meehan filed their *fourth* Notice of Removal,[8] which Magistrate Judge Elfenbein remanded back to the state court a week later due to the Debtor and Meehan's failure to pay the filing fee. The state court re-set the summary judgement hearing in December 2025 and, once again, hours before the hearing Meehan, joined by the Debtor, filed a *fifth* Notice of Removal.[9] On July 31, 2026, after extensive filings by the Debtor that caused

[5] Case No. 1:23-cv-24780-DPG.
[6] Case No. 1:24-cv-24879-RKA.
[7] Case No. 1:25-cv-21283-MFE.
[8] Case No. 1:25-cv-23294-MFE.
[9] Case No. 1:25-cv-26159-LFL.

a seven-month delay, Judge Louis remanded the case back to the state court, concluding "[t]his is Defendants' fifth unsuccessful attempt to remove the same action. They raised the same unsuccessful arguments in support of removal which have already been rejected by this Court in their earlier attempts at removal."[10] Each of the frivolous notices of removal were filed to delay the Valencia HOA case. Even though it was the fifth time that the Debtor and her husband filed a notice of removal, the state court case was delayed for 7 months until remanded on July 31, 2026. The summary judgement hearing was not set for a *sixth* time, because the Debtor filed this chapter 11 case on August 11, 2026.[11]

Adding insult to injury, the Debtor failed to provide notice to Valencia HOA of the filing of this case,[12] failed to pay the filing fee in full which she could obviously afford to do, instead requesting to pay it in installments,[13] and, as the U.S. Trustee points out, "[d]espite knowing the requirements of proceeding in chapter 11," the Debtor "fil[ed] a skeletal petition, failed to file her Bankruptcy Schedules and failed to submit all the requisite documents for the Initial Debtor Interview."[14]

Turning to the law, under section 349(a), "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section

---

[10] *Id.*, Order Granting Motion to Remand to State Court [DE# 31] at 10.
[11] Valencia HOA is not the only creditor alleging that the Debtor has used the judicial system as a litigation tactic. As accurately described in the Response in Opposition to Expedited Motion to Dismiss and Cross Motion to Consolidate Chapter 11 Cases [DE# 50, p.3] filed by creditor Kosachuk, "[t]he Debtor filed this Second Petition the day before her response was due to the District Court in the execution proceedings on JMB's judgment." *See* Case No. 1:26-cv-20112-JAL [DE# 53] in which the docket entry states that "responses are due by 8/12/2026."
[12] Limited Objection to Expedited Motion to Dismiss Case [DE# 33] ¶ 31.
[13] Response in Opposition to the Motion to Dismiss [DE# 50] at 3.
[14] United States Trustee's Response to the Motion to Dismiss [DE#. 45] ¶¶ 7, 9.

109(g) of this title." 11 U.S.C. § 349(a). In turn, section 109(g) imposes a 180-day bar on refiling when (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or (2) the debtor obtained a voluntary dismissal of the case following the filing of a request for relief from the automatic stay. 11 U.S.C. § 109(g). As the Debtor correctly noted, the 180-day bar in section 109(g) was not triggered here because the Debtor did not violate any Orders in this second case and no motion for stay relief had been filed before the Debtor filed Debtor's Motion to Dismiss.

But that does not end the analysis. Even if section 109(g) is not applicable, "every dismissal . . . triggers the § 349(a) issue whether cause exists to order that the dismissal be with prejudice." *In re Duran*, 630 B.R. 797, 804 (B.A.P. 9th Cir. 2021). Thus, section 109(g) does not limit this Court's power to impose a prejudice period. *Wenegieme v. Macco*, 580 B.R.17, 24 (E.D.N.Y. 2018).

When considering whether a bankruptcy case should be dismissed with prejudice, "[t]his Court may consider any factor which evidences a Debtor's intent to abuse the judicial process, particularly where said factor evidences that a Voluntary Petition was filed to delay or frustrate the legitimate efforts of the Secured Creditors to enforce their rights." *In re Pheonix Land Corp.*, 164 B.R. 174, 176 (Bankr. S.D. Fla. 1993). Many courts have held that "filing a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize is an abuse of the Bankruptcy Code." *In re Selinksy*, 365 B.R. 260, 262 (Bankr. S.D. Fla. 2007) (citing cases). As the Court noted in the introduction, this case does not involve multiple filings, and it is not simply a two-party dispute. Nevertheless, the Debtor's unrelenting litigation tactics in dealing with her creditors outside of bankruptcy together with the unjustified filing of this petition to further

delay her creditors establishes substantial "cause" under section 349(a) to impose a two-year bar on the Debtor from refilling a bankruptcy case. Ultimately, "[t]he length of time for which the debtor is barred from refiling is committed to the discretion of the bankruptcy court." *In re Parson*, 632 B.R. 613, 627 (Bankr. N.D. Tex. 2021).

The Debtor argued that a prejudice period is unnecessary because a new filing in the next year would require the debtor to prove her good faith to extend the automatic stay under section 362(c)(3). The Court finds this remedy insufficient because a refiling will still stop, for at least 30 days, the entry of a judgment, the scheduling of a foreclosure sale, or execution on existing judgments. The appropriate safeguard for the creditors in this case must be one that is proactive, not reactive.

The Debtor also argues that the Court should focus only on what the Debtor has done in this bankruptcy case and not give weight to what she's done to thwart creditors outside of bankruptcy. The Court also rejects that argument. Bankruptcy courts can and should look at what a debtor has done outside of bankruptcy in between bankruptcy filings.

The court's decision in *In re Peturset*[15] is instructive. That decision was entered after a failed confirmation effort, not at the outset of the debtor's second filing. However, in assessing whether to impose a prejudice period upon denial of confirmation, the court focused on the debtors' conduct prior to the filing of the second case:

> Given the Debtors' past record, this Court believes that the Debtors will reappear in this Court in short order if this Court were not to instate the requested two year bar to refiling. In the approximate 17 month period between the Bankruptcy Court's dismissal of the Debtors' previous Chapter 12 case and the filing of the Debtors' present Chapter 12 case, the Debtors appealed the Bankruptcy Court's order dismissing

[15] 492 B.R. 232 (Bankr. S.D. Ohio 2012).

> the Debtors' previous Chapter 12 case, filed a motion to stay and objection to the State Court's Foreclosure Judgment (as well as various motions to reconsider and miscellaneous additional notices and pleadings in the Foreclosure Action), and filed an appeal of the Foreclosure Judgment to the Ohio Fourth District Court of Appeals. This Court fully expects that the Debtors will once again turn to the bankruptcy court for protection if unsuccessful in state court. Accordingly, a refiling restriction of less than two years given the timing between the filing of the Debtors' previous bankruptcy case and the present case would not afford any meaningful relief to creditors or serve to curb what this Court finds to be an improper use of the bankruptcy process.

*In re Pertuset*, 492 B.R. at 259–60.

Here, like in *Pertoset*, a refiling restriction of less than two years would not afford meaningful relief to creditors or serve to curb what this Court finds to be an improper use of the bankruptcy process. In the last failed removal, Valencia HOA filed a motion asking the court to deem the Debtor and her ex-husband vexatious litigants based upon her repeated and frivolous notices of removal. [1:25-cv-26159-LFL, DE# 9]. The district court has not ruled on that motion, but other district courts have sanctioned or threatened sanctions against state court defendants who file repeated and unsupportable notices of removal. *See, e.g. U.S. Bank National Association v. Gavin, 2024 WL 4576738* at *4-5 (N.D. Fla. Sept. 26) ("This is the fifth time that Defendants have used or attempted to use this Court as a pawn in their efforts to disrupt or delay the disposition of the state foreclosure proceeding. That is five times too many. Federal courts do not tolerate litigation gamesmanship, and this Court has the inherent authority to sanction litigants who abuse the judicial process by engaging in bad-faith conduct, such as repeated frivolous filings intended to delay a proceeding."); *Koncept Properties, Inc. v. Scopelleti*, 627 F.Supp.3d 1282, 1287-88 (M.D. Fla. 2022) (awarding attorney's fees against a

defendant who had repeatedly and unsuccessfully removed a foreclosure action without any objectively reasonable basis for federal jurisdiction finding the removal as "just a further attempt at obfuscation and delay").

It is not this Court's remit to prohibit or condition future state court filings by the Debtor. However, this Court should and does consider the actions of the Debtor in state court very relevant to its finding of bad faith and its imposition of a two-year prejudice period.

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Debtor's Motion to Dismiss is granted in part and the case will be dismissed. However, Debtor's Motion to Dismiss is denied to the extent it seeks dismissal without prejudice

2. The Creditor Motion to Dismiss is granted and this case is dismissed with prejudice to the Debtor filing another bankruptcy case for two years after the entry of this Order.

3. The Debtor may move to shorten the prejudice period for cause. To establish cause, the motion to shorten the prejudice period must attach an agreement to refinance or sell her house that has no material contingencies.

4. All other pending motions are denied as moot.

# # #

Copy to:

Joel Aresty, Esq.

(Attorney Joel Aresty is directed to serve a copy of this order on all necessary parties and file a Certificate of Service)